IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SUSAN C. ZENNAN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 08-290C<br>(Judge Hewitt) |

DEFENDANT'S ANSWER

For its answer to Plaintiff's Complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are plaintiff's characterization of her case and conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that plaintiff has been employed by the referenced agency in the referenced position.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Admits the allegation contained in paragraph 3 that the individual plaintiff identified in the caption of plaintiff's Complaint and other persons similarly situated are present or former employees of defendant; the allegation contained in paragraph 3 that these persons are or were employees within the meaning of 5 U.S.C. § 2105 and 29 U.S.C. § 203(e) is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the attachments cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5, except to admit that the individual plaintiff has been employed by defendant during pay periods from 2005 to date.

6. Admits.

7. Denies.

8. Admits that at various times defendant has considered plaintiff as being "FLSA exempt" and, during those times, has not accorded plaintiff the rights to which FLSA non-exempt employees of defendant are entitled; otherwise denied the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Defendant incorporates its responses to paragraphs 1 through 10 in response to paragraph 11.

12. Denies; alleges that plaintiff was exempt or was determined in good faith to be exempt from the overtime pay

provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

13. Defendant incorporates its responses to paragraphs 1 through 12 in response to paragraph 13.

14. Denies; alleges that plaintiff was exempt or was determined in good faith to be exempt from the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

15. Defendant incorporates its responses to paragraphs 1 through 14 in response to paragraph 15.

16. Denies; alleges that plaintiff was exempt or was determined in good faith to be exempt from the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

17. Defendant incorporates its responses to paragraphs 1 through 16 in response to paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18 that plaintiff has taken annual, sick, jury, witness, administrative or military leave, paid holidays, or has had excused absences; the allegations contained in the first sentence of paragraph 18 that plaintiff and others were entitled to enjoy their leave, holidays and excused absences under applicable Federal law and regulations without suffering a loss of, or reduction in, pay, including FLSA overtime compensation, are conclusions of law to which no response is required; denies the remainder of the allegations contained in the first sentence

of paragraph 18. Denies the allegations contained in the second sentence of paragraph 18.

19. Denies.

20. Admits the allegations contained in the first sentence of paragraph 20 that the employment, time, work and compensation records for plaintiff are in the possession, control, and custody of defendant and its officers and agencies except to the extent that such records may have been destroyed inadvertently or in accordance with Government schedules for the retention and destruction of documents; denies the remainder of the allegations contained in the first sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 20 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Denies that plaintiff is entitled to any of the relief requested in the prayer for relief.

22. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

23. Plaintiff has received full payment under all applicable statutes and regulations for all of the hours which they have worked.

24. To the extent that defendant violated the terms of the Fair Labor Standards Act, its violations occurred notwithstanding its good faith efforts to comply with the terms of the Act.

25. To the extent that defendant violated the terms of the FLSA, its violation was not willful.

26. Plaintiff's claims are barred in part by the statute of limitations.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**Filed Electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-8275
Fax: (202) 305-7643

Attorneys for Defendant

June 17, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 17th day of June 2008, a copy of the foregoing ANSWER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Shalom Brilliant